# Exhibit A

Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 26CV197 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY  Hampden |

| Plaintiff  Jonathan Diaz | Defendant:  Trustees of Smith College d/b/a Smith College |
|---|---|
| ADDRESS:  29 Newman Street | ADDRESS:  10 Elm Street |
| Springfield, MA 01105 | Northampton, MA 01063 |
| | |
| Plaintiff Attorney:  Ray Dinsmore | Defendant Attorney: |
| ADDRESS:  Hayber, McKenna, Dinsmore | ADDRESS: |
| One Monarch Place, Suite 1340 | |
| Springfield, MA 01144 | |
| BBO:  667340 | BBO: |
| Plaintiff Attorney:  Francis J Bingham | Defendant Attorney: |
| ADDRESS:  Bingham Hopkins LLC | ADDRESS: |
| 20 University Road, Suite 500 | |
| Cambridge, MA 02138 | |
| BBO:  682502 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Massachusetts Wage Act | F | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES    ☒ NO | ☒ YES    ☐ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

03/26/2026

| | |
|---|---|
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | 1,015.65 |
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | 3,046.95 |
| TOTAL (A-F): | 4,062.60    $0.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

**1**

Signature of Attorney/Self-Represented Plaintiff: X _F J Bingham_                    Date: March 26, 2026

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _F J Bingham_                    Date: March 26, 2026

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

HAMPDEN, ss.                                        Civil Docket No.:    **26CV197**

|  |  |
|---|---|
| JONATHAN DIAZ, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF SMITH COLLEGE d/b/a SMITH COLLEGE, <br><br> Defendant. | **03/26/2026** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.      INTRODUCTION

1.      Employers in Massachusetts must pay their employees the cash value of any earned wages upon separation from employment. *See* The Massachusetts Wage Act (the "Wage Act"), M.G.L. c. 149 § 148. The Wage Act expressly states that all paid "vacation" time is considered earned wages that must be paid upon termination.

2.      Use of the word "vacation" is not what makes paid time off a compensable wage that must be paid upon separation. Under the Wage Act, paid time off is considered a "wage" when "it can be used for time away from work for any reason." *Tze-Kit Mui v. Massachusetts Port Authority*, 89 N.E.3d 460, 462-463 (Mass. 2018) (contrasting vacation time with other forms of contingent paid time off, such as "sick time" that are not considered "wages" because their "usage is conditional.").

3.      Employers who fail to pay all earned wages when due are liable for three times the amount of the late-paid and/or unpaid wages, plus interest, costs, and attorneys' fees, even if

1

2

they are paid prior to the commencement of litigation. *See* M.G.L. c. 149 § 150; *Reuter v. City of Methuen*, 184 N.E.3d 772, 781 (Mass. 2022).

4.  Defendant, The Trustees of Smith College d/b/a Smith College ("Defendant"), maintains a policy and practice of providing some employees with paid time off designated as "personal time," which can be used for time away from work for any reason. However, upon separation from employment, Defendant does not pay its employees for their unused personal time as required by the Wage Act. *See* M.G.L. c. 149 § 148; *see also Byrnes v. Lukes*, No. 0985-cv-01403, 30 Mass. L. Rptr. 413, 2012 WL 6608974, at *1 (Mass. Super. Sept. 27, 2012) (holding on summary judgment that personal days are wages and must be paid upon separation).

5.  Consistent with its unlawful policy and practice, Defendant terminated Plaintiff Jonathan Diaz's employment in November 2025 but failed to pay him for any portion of his 37 hours of accrued paid personal time.

6.  Defendant's payroll practice has resulted in the systematic non-payment of wages owed to Plaintiff and all other similarly situated Massachusetts employees (the "Class"). *See* M.G.L. c. 149 § 148. Defendant's policy is simple wage theft, in that it has retained for its own use and benefit significant amounts of money that its former employees earned and should have been paid long ago.

## II.    PARTIES

7.  Defendant is the governing body of Smith College, a private institution of higher education located in Northampton, Massachusetts. Defendant maintains its principal office at 10 Elm Street, College Hall, Room 204, Northampton, Hampshire County, MA 01063.

8.  Plaintiff Diaz is an individual residing in Springfield, Hampden County, MA.

2

### III.    JURISDICTION

9.    This Court has jurisdiction over this matter pursuant to M.G.L. c. 149 §§ 148, 150 and M.G.L. c. 223A §§ 2, 3.

10.    Venue is proper pursuant to M.G.L. c. 223 § 1.

11.    On February 18, 2026, Plaintiff Diaz received authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue claims for unpaid final wages against Defendant, on behalf of himself and on behalf of all other similarly situated employees.

### IV.    FACTS

12.    Defendant operates a private institution of higher education in Northampton, Massachusetts and employs more than 1,000 employees.

13.    Pursuant to its employee handbook, Defendant provides employees with various forms of paid time off ("PTO") including "personal time."

14.    Upon the commencement of its fiscal year, Defendant credits its eligible employees with four paid personal days.  In addition, Defendant credits employees with exemplary attendance records in the previous fiscal year with up to two additional days of paid personal time.

15.    Under Defendant's policy and practice, paid personal time may be used for any purpose.  Like vacation time, the use of paid personal time is not tethered to any specific contingencies, such as sickness, bereavement, or jury duty.

16.    By policy and practice, Defendant does not pay its employees for the cash value of their unused personal time when employees separate from Smith College.

17.    Defendant hired Plaintiff in or around October 2019 as a Maintenance Worker / Custodian.

18. At all times relevant, Defendant classified Plaintiff as an hourly, non-exempt employee.

19. Most recently, Defendant paid Plaintiff at the rate of $27.45 per hour.

20. On or about November 10, 2025, Defendant terminated Plaintiff's employment.

21. As of November 10, 2025, Plaintiff possessed 37 hours of accrued personal time.

22. Defendant did not pay Plaintiff for any portion of his accrued 37 hours of personal time, in violation of the Wage Act. *See* M.G.L. c. 149 § 148.

23. By withholding payment of accrued paid personal time wages, Defendant deprived Plaintiff and all other similarly situated former employees of their wages.

24. Defendant's unlawful policy amounts to wage theft. Instead of paying the wages that its former employees earned through their time and labor – in the form of accrued paid time off that can be used without any specific contingencies – Defendant has chosen to maintain those wages in its own coffers.

25. As a result, former Smith College employees – many of whom may face financial difficulties during a period of transition in employment – have been wrongfully deprived of their earned wages at the very moment they likely need them the most. Conversely, Smith College has retained capital that doesn't belong to it for its own use and enjoyment.

26. As a result of its unlawful policy and practice, Defendant is strictly liable to Plaintiff and the putative Class for three times the amount of these unpaid final wages, plus interest, costs, and attorneys' fees. *See* M.G.L. c. 149 § 150; *Reuter*, 184 N.E.3d at 781.

## V.    CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself, and on behalf of all other members of the putative Class.

4

28.     The putative Class is defined as follows:

All employees of Defendant, The Trustees of Smith College d/b/a Smith College, who were not paid for their personal time at the time of their separation from employment during the three (3) years immediately preceding this lawsuit's filing, through the date of final judgment in this matter.

29.     Class certification for this Massachusetts state law claim is appropriate under Mass. R. Civ. P. 23 because Plaintiff and the putative Class meet all requirements of Mass. R. Civ. P. 23.

30.     The putative Class is so numerous that joinder of all putative class members is impracticable.  Upon information and belief, Defendant employed hundreds of employees in Massachusetts who were subjected to the challenged practices and procedures discussed herein during the period of the claim.

31.     There are questions of law and fact common to Plaintiff and the members of the putative Class, including whether Defendant failed to compensate Plaintiff and the members of the putative Class for their final wages, including the value of their accrued personal time, in full, within the deadlines imposed by the Wage Act.

32.     Plaintiff's claims are typical of the claims of the putative Class.  Plaintiff's claims encompass Defendant's challenged course of conduct discussed herein.  Furthermore, Plaintiff's claims are based on the same legal theories as the claims of the putative Class.  The legal issues as to the violation of the Wage Act by Defendant's unlawful personal time policy apply equally to Plaintiff and the putative Class.

33.     Plaintiff will fairly and adequately protect the interests of the putative Class. Plaintiff's claims are not antagonistic to those of the putative Class, and Plaintiff hired counsel skilled in the prosecution of wage and hour class actions.

5

34.    Common questions of law and fact predominate over questions affecting only individual members of the putative Class.

35.    This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the Parties and the court system, protects the rights of each member of the putative Class, and maximizes recovery to Plaintiff and the members of the putative Class.

## VI.    LEGAL CLAIMS

### COUNT I: Violation of the Massachusetts Wage Act, M.G.L. c. 149 § 148

36.    Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

37.    In maintaining a policy and practice that resulted in failing to pay Plaintiff and the putative Class Members the value of their accrued personal time within the timeframes imposed by the Wage Act, Defendant violated the Wage Act.

38.    As a result, Defendant is strictly liable to Plaintiff and the putative Class for three times the amount of their unpaid wages, plus interest, costs, and attorneys' fees. *See* M.G.L. c. 149 § 150; *Reuter*, 184 N.E.3d at 781.

## VII.    DEMAND FOR RELIEF

WHEREFORE, Plaintiff Diaz, on behalf of himself and all others similarly situated, requests that the Court:

A.    Certify this case as a class action pursuant to M.G.L. c. 149 § 148; or in the alternative, pursuant to Mass. R. Civ. P. 23;

B.    Appoint Plaintiff as Class Representative;

C.    Appoint the undersigned as Class Counsel;

6

D.     Award Plaintiff and the Class treble damages pursuant to M.G.L. c. 149 §§ 148, 150;

E.     Award Plaintiff and the Class all pre-judgment and post-judgment interest on these damages pursuant to M.G.L. c. 149 §§ 148, 150;

F.     Award Plaintiff's counsel attorneys' fees and costs incurred in the prosecution this action pursuant to M.G.L. c. 149 §§ 148, 150;

G.     Enter an order permanently enjoining Defendant from maintaining the contested pay practice;

H.     Approve the issuance of a service award to Plaintiff; and

I.     Award any other relief as the Court deems just.

## VIII.   JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury as to the allegations contained in this Complaint.

7

Dated: March 26, 2026

Respectfully submitted,

The Plaintiff,

JONATHAN DIAZ, on behalf of himself
and all others similarly situated,

By his Attorneys,

*/s/ Raymond Dinsmore*
Raymond Dinsmore, Esq. (BBO # 667340)
Ryan B. Guers, Esq. (BBO # 713870)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Phone: (413) 785-1400
Fax: (860) 218-9555
rdinsmore@hayberlawfirm.com
rguers@hayberlawfirm.com

*/s/ Francis J. Bingham*
Francis J. Bingham, Esq. (BBO # 682502)
Bingham Hopkins LLC
20 University Road, Suite 500
Cambridge, MA 02138
Phone: (617) 798-2303
francis.bingham@binghamhopkins.com

*Attorneys for Plaintiff and the Putative
Class Members*

8

| Summons | CIVIL DOCKET NO. 2679-CV-00197 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: *Jonathan Diaz, on behalf of himself and all others similarly situated* Plaintiff(s) vs. *The Trustees of Smith College d/b/a Smith College* Defendant(s) | Laura S. Gentile    Clerk of Courts Hampden    County |
|---|---|
| | COURT NAME & ADDRESS: Hampden Superior Court Roderick L. Ireland Courthouse 50 State Street Springfield, MA 01103 |
| | 05/07/2026 |

THIS SUMMONS IS DIRECTED TO *The Trustees of Smith College* (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Hampden Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Hampden Superior Court P.O. Box 559, Springfield, MA 01102 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Raymond Dinsmore
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
rdinsmore@hayberlawfirm.com

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon.  Michael D. Ricciuti _____ Chief Justice on _April 20_ _____ . 20 _26_ . (Seal)

Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS



Office of the Sheriff

PO Box 684, Northampton, MA  01061    Telephone (413) 585-0618        Hampshire, ss.

April 30, 2026

I hereby certify and return that on 4/27/2026 at 10:02 AM I served a true and attested copy of the SUMMONS, COMPLAINT AND CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by delivering in hand to LT. STEAPHAN MISH, WHO ACCEPTED SERVICE FOR THE TRUSTEES OF SMITH COLLEGE D/B/A SMITH COLLEGE, 10 ELM STREET, COLLEGE HALL, ROOM 204, NORTHAMPTON, MA 01060. In the service hereof, it was necessary and I actually used a motor vehicle 10 miles. Fees: Attest $5.00, Basic Service $30.00, Conveyance $1.50, Travel Fees $6.40 Total $42.90.

Deputy Sheriff IAN HOWARD

Date:

rev. 1/2023